UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EUROCHEM GROUP AG,<br><br>                                        Petitioner,<br><br>-against-<br><br>JPMORGAN CHASE BANK, N.A. et al.,<br><br>                                        Respondents. | 24-MC-00354 (MMG)<br><br>**MEMORANDUM**<br>**OPINION & ORDER** |

MARGARET M. GARNETT, United States District Judge:

      On August 21, 2024, Eurochem Group AG ("Petitioner") filed an *ex parte* application pursuant to 28 U.S.C. § 1782 ("Section 1782") for an order authorizing discovery for use in certain reasonably contemplated foreign proceedings. *See* Dkt. No. 12. The application seeks information from JPMorgan Chase Bank, N.A. ("Chase"), Truist Financial Corporation, and Truist Bank (collectively, "Respondents") related to allegations that an unknown third-party or parties defrauded Petitioner, causing Petitioner to pay the fraudster(s) $600,000 from its Chase bank account into a Truist Bank account.

      Section 1782(a) authorizes a district court to order discovery for use in foreign proceedings under certain circumstances. *See Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012). It also authorizes district courts to grant applications made pursuant to Section 1782 *ex parte*. *See Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) (unpublished) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*."). In doing so, a "respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Id.*; *see also In re Hornbeam Corp.*, 722 F. App'x 7, 11 (2d Cir. 2018) (summary order) (there is "no prejudice stemming from the *ex parte* nature of the proceedings").

      Before granting an application pursuant to Section 1782, a court must find that three statutory requirements are satisfied: " (1) the person from whom discovery is sought must reside or be found in the district in which the application was made, (2) the discovery must be for use in a foreign proceeding before a foreign tribunal, and (3) the applicant must be either a foreign tribunal or an interested person." *In re Accent Delight Int'l*, 869 F.3d 121, 128 (2d Cir. 2017) (internal quotation marks omitted). If those requirements are met, Section 1782 "authorizes, but does not require, a federal district court" to grant the application. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). In determining whether to exercise its discretion to grant the application, a district court should consider: (1) whether the person from whom discovery is sought is participating in the foreign proceeding; (2) the nature of the foreign tribunal and its receptiveness to U.S. judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome. *See id.* at 264–65.

The three statutory requirements are met here with respect to Chase and Truist Bank, but not Truist Financial Corporation. The Second Circuit has held that "the statutory scope of 'found' extends to the limits of personal jurisdiction consistent with due process." *In re del Valle Ruiz*, 939 F.3d 520, 527 (2d Cir. 2019). First, Chase "resides" or "is found" in the Southern District of New York because it has a principal place of business (its headquarters) in this District. *See In re Petrobras Sec. Litig.*, 393 F. Supp. 3d 376, 382 (S.D.N.Y. 2019); *see also Aguila Energia e Participacoes Ltda. v. JPMorgan Chase & Co.*, No. 22-mc-00228 (JGK) (SLC), 2024 WL 3650347, at *5 (Chase "is headquartered and thus 'is found' in this District"), *report and recommendation adopted* 2024 WL 3373416. Truist Bank has an agent for service of process in this District. *See* Dkt. No. 13 (Declaration of Vladimir Trofimchuk) ¶ 18; *id.* Ex. 6; *In re Edelman*, 295 F.3d 171, 180 (2d Cir. 2002) ("[R]egardless of any implicit limits on the location of documentary evidence, . . . if a person is served with a subpoena while physically present in the district of the court that issued the discovery order, then for the purposes of § 1782(a), he is 'found' in that district."). However, Petitioner has not established that Truist Financial Corporation is "found" or "resides" in this District. Although Truist Financial Corporation is the parent of Truist Bank, it is a separate legal entity. To the extent that Petitioner argues that Truist Financial Corporation generally "does business in New York and New York County" (though it appears to be making this argument with respect to Truist Bank), Dkt. No. 12 at 7, Petitioner has not established that the litigation at issue arises out of those activities in this District. *See, e.g.*, *In re Petrobras Sec. Litig*, 393 F. Supp. 3d at 383. Additionally, Petitioner generally seeks an order allowing it to "serve similar subpoenas on third parties identified" in discovery from the Respondents. *See* Dkt. No. 16 (proposed order). But without knowing the identity of those third parties, this Court cannot conclude that those third parties are found or reside in this District.

Second, the discovery sought is for use in foreign proceedings that are "reasonabl[y] contemplat[ed]" in Switzerland or another foreign tribunal. *See In re Servicio Pan Americano de Proteccion*, 354 F. Supp. 2d 269, 274 (S.D.N.Y. 2004) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004)). Petitioner intends to use the discovery to identify the third party or parties that Petitioner believes defrauded it in order to institute foreign legal proceedings against the party or parties. *See* Dkt. No. 12 at 7–8; *In re Accent Delight Int'l Ltd.*, 869 F.3d at 133 ("[A] Section 1782 applicant must establish that he or she has the practical ability to inject the requested information into a foreign proceeding.").

Third, Petitioner is an "interested person" under the statute because it intends to bring the foreign proceeding(s). *See In re Application of Esses*, 101 F.3d 873, 875 (2d Cir. 1996) (a party to the foreign proceeding is an "interested person" under Section 1782).

The four discretionary *Intel* factors also weigh in favor of granting the application. *See Intel*, 542 U.S. at 264–65. First, Respondents are not contemplated parties in the foreign proceeding or proceedings. *See Intel Corp.*, 542 U.S. at 264.

Second, for these purposes, the Court can conclude that the foreign tribunal in Switzerland or another foreign location would likely be receptive to this form of U.S. judicial assistance because there appears to be no "authoritative proof" otherwise. *See* Dkt. No. 12 at 9–10. *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995) (a district court "should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782," such as proof "embodied in a forum country's judicial, executive or legislative declarations that specifically address the use of evidence gathered under foreign

procedures"); *see also In re Application of Esses*, 101 F.3d at 877 (putting burden on respondent to provide such proof). Respondents may move to quash the subpoenas and raise arguments to the contrary.

Third, there is no indication that the application conceals an attempt to circumvent foreign evidence-gathering rules. *See* Dkt. No. 12 at 10–11. The "availability of the discovery in [a] foreign proceeding should not be afforded undue weight" in this analysis. *Mees v. Buiter*, 793 F.3d 291, 303 (2d Cir. 2015).

Fourth and finally, the discovery sought is not "unduly intrusive or burdensome;" rather, it is tailored to the allegedly fraudulent transaction at issue.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Petitioner's application pursuant to Section 1782 authorizing it to take discovery from Respondents. Specifically, the Court grants the application **only** as to JPMorgan Chase Bank, N.A. and Truist Bank. Petitioner may serve JPMorgan Chase Bank, N.A. and Truist Bank with a subpoena, in substantially the same form attached as Exhibit 7 to the Declaration of Trofimchuk, Dkt. No. 13-7.

The Clerk of Court is directed to terminate Dkt. Nos. 7 and 12 and to CLOSE this case.

Dated: August 26, 2024
       New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge